UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. Vallery for Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **(IN CHAMBERS) ORDER RE MOTION BY DEFENDANT RANDOM TUESDAY, INC. TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 22)**

**ORDER RE MOTION BY DEFENDANTS BRIAN AND DAWN BIGGS TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 23)**

**I.    Introduction**

On March 13, 2020, Warner Bros. Entertainment Inc. ("Warner" or "Plaintiff") brought this action against Random Tuesday, Inc., a Connecticut corporation ("Random Tuesday"), Brian Biggs and Dawn Biggs (collectively, the "Biggs Defendants"). Dkt. 1 ("Complaint"). The Complaint asserts the following causes of action: (i) trademark infringement and counterfeiting, in violation of 15 U.S.C. § 1114; (ii) false designation of origin, in violation of 15 U.S.C. § 1125(a)(1)(A); (iii) trademark dilution, in violation of 15 U.S.C. § 1125(c); (iv) false advertising, in violation of 15 U.S.C. § 11251125(a)(1)(B); (v) copyright infringement, in violation of 17 U.S.C. § 106; (vi) common law unfair competition; (vii) common law trademark infringement; (viii) violation of Cal. Bus. & Prof. Code § 17200 ("UCL Claim"); (ix) violation of Cal. Bus. & Prof. Code § 17500 ("FAL Claim"); and (x) violation of Cal. Bus. & Prof. Code § 17247.[1] Dkt. 1 ¶¶ 92-150.

On May 26, 2020, Random Tuesday filed a Motion to Dismiss, which the Biggs Defendants joined. Dkt. 22 (the "Motion to Dismiss"). In the alternative, Random Tuesday moved to strike certain allegations in the Complaint pursuant to Fed. R. Civ. P. 12(f) or for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Dkt. 22-1 at 24, 27-28. The Biggs Defendants also filed a separate Motion to Dismiss. Dkt. 23 (the "Biggs Motion"). Plaintiff filed an opposition to each motion on July 3, 2020. Dkt. 31 (the "Random Tuesday Opposition"); Dkt. 32 (the "Biggs Opposition"). On July 28, 2020, Random Tuesday and the Biggs Defendants each filed a reply. Dkt. 35 (the "Random Tuesday Reply"); Dkt. 36 (the "Biggs Reply").

A hearing on the motions was conducted on October 26, 2020, and they were taken under submission. Dkt. 41. For the reasons stated in this Order, the Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART** and the Biggs Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

---

[1] Plaintiff states that the citation to this section is a typographical error, and the cause of action is brought pursuant to Cal. Bus. & Prof. Code § 14247. Dkt. 31 at 23 n.19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

**II.    Background**

    A.  Parties

Plaintiff is a Delaware corporation with its principal place of business in California. Dkt. 1 ¶ 20.

It is alleged on information and belief that Random Tuesday is a Section 501(c)(3) organization headquartered in Guilford, Connecticut and registered to do business in Georgia and Connecticut. *Id.* ¶ 21. It is further alleged on information and belief that Brian Biggs is a Connecticut resident who is the Chief Executive Officer of Random Tuesday, and that Dawn Biggs is a Connecticut resident who is the Chief Creative Officer of Random Tuesday. *Id.* ¶¶ 22-24.

    B.  Allegations in the Complaint

        1.  The *Harry Potter* Franchise and the *Gilmore Girls* Series

The Complaint alleges that Plaintiff developed, produced, and distributed what is known as the *Harry Potter* motion picture franchise, which has had "enormous commercial success." *Id.* ¶¶ 28-29. It is further alleged that the eight original *Harry Potter* films generated approximately $7.7 billion of gross revenues worldwide. *Id.* ¶ 29. It is next alleged that in light of the significant popularity of these films, the public now understands the "fanciful terms and character names" used in them and related products to refer to "the distinctive fantasy characters and settings… portrayed in the Warner Bros. motion pictures." *Id.*

It is further alleged that Plaintiff has produced "motion pictures, clothing, hats, scarves, socks, footwear, costumes, games, toys, collectibles, water bottles, mugs, drinkware, blankets, bedding, home décor, travel accessories, phone cases, neckties, stationery, sports gear, and sports-type jerseys" that are based on, and part of the *Harry Potter* franchise. *Id.* ¶ 33. It is next alleged that Plaintiff owns numerous trademarks related to the *Harry Potter* franchise (the "*Harry Potter* marks"). The specific marks that Plaintiff allegedly owns are detailed in Table 1 below. It is further alleged that Plaintiff's holds common law trademark rights in *Harry Potter* due to "its prominent and continuous use of the [Harry Potter] marks in commerce." *Id.* ¶ 52.

It is further alleged that Plaintiff holds federal copyright registrations or exclusive distribution rights for the eight *Harry Potter* films, as well as for several "Style Guides" which contain images from the films and of authorized merchandise. *Id.* ¶ 53-54. It is alleged that these materials include distinctive visual elements, including the Hogwarts Crest, the individual Hogwarts house crests, and the "Platform 9 ¾ emblem." *Id.* ¶ 55. These specific elements are listed in Table 2 below.

The Complaint also alleges that *Gilmore Girls* is a television program produced by Warner Bros. Television which received numerous awards and enjoyed substantial commercial success. *Id.* ¶ 56. It is further alleged that this program generated substantial revenues through "a wide variety of merchandise offered by dozens of licensees that encompasses books, greeting cards, clothing, novelties (including mugs, phone cases, pens, and wallets) posters, and stationery, among other items." *Id.* ¶ 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

It is further alleged that Plaintiff owns "exclusive rights in distinctive and famous trademarks and trade dress derived from the characters, places, and things depicted in the *Gilmore Girls* television series." *Id.* ¶ 58. The specific marks that Plaintiff allegedly owns are detailed in Table 1 below. It is also alleged that Plaintiff's has common law trademark rights in *Gilmore Girls* due to "its prominent and continuous use of the [*Gilmore Girls*] marks in commerce." *Id.* ¶ 61.

It is further alleged that Plaintiff owns federal copyright registrations for each episode of the *Gilmore Girls* series, as well as for a Style Guide which contains images and logos used in the series. *Id.* ¶ 62.

## 2. Alleged Infringement by Defendants

It is alleged that Random Tuesday and the Biggs Defendants operated "themed businesses" that organize "virtual running races." *Id.* ¶¶ 64-65. It is further alleged that these businesses, known as Potterhead Running Club (formerly Hogwarts Running Club) and Chilton Running Club, are "branded" with *Harry Potter* and *Gilmore Girls* marks, and that the websites associated with these businesses offer "unauthorized merchandise" bearing the marks for sale. *Id.* The Complaint does not allege the precise date when Defendant's infringing conduct began. It is alleged that the infringement was "[l]ong subsequent" to the use of the marks by Plaintiff. *Id.* ¶ 63.

The Complaint provides images of various marks or copyrighted material allegedly owned by Plaintiff, which are shown side-by-side with allegedly infringing material sold by Defendants. *Id.* ¶¶ 66-71, 74-76, 78-79, 86, 88-89.

Table 1 summarizes the marks that Plaintiff allegedly owns and that Defendants allegedly infringed:

| Mark | Allegations Regarding Ownership | Registration Specifically Alleged? | Allegations Regarding Defendants' Use |
|---|---|---|---|
| *Harry Potter Marks* | | | |
| "HOGWARTS" | Complaint ¶¶ 39, 42 | Yes | Complaint ¶¶ 5, 66-67, 77, 81, 87 |
| "HARRY POTTER" | Complaint ¶¶ 39, 43 | Yes | No |
| "GRYFFINDOR" | Complaint ¶¶ 39, 44 | Yes | Complaint ¶¶ 73-74, 80, 81 |
| "HUFFLEPUFF" | Complaint ¶¶ 39, 45 | Yes | Complaint ¶¶ 73-74. 81 |
| "RAVENCLAW" | Complaint ¶¶ 39, 46 | Yes | Complaint ¶¶ 13, 68, 73, 74, 81 |
| "SLYTHERIN" | Complaint ¶¶ 39, 47 | Yes | Complaint ¶¶ 68, 73, 74, 81 |
| "QUIDDITCH" | Complaint ¶¶ 39, 48 | Yes | Complaint ¶ 76 |
| "PLATFORM 9 ¾" | Complaint ¶¶ 39, 49 | Yes | Complaint ¶¶ 69, 76, 84 |
| "FANTASTIC BEASTS" | Complaint ¶ 50 | Yes | No |
| Deathly Hallow Triangle Design Element | Complaint ¶ 50 | Yes | Complaint ¶ 70 |
| "DEATHLY HALLOWS" | Complaint ¶ 50 | Yes | No |
| "Dobby" mark/element | Complaint ¶ 51 | Yes | No |
| "GOLDEN SNITCH" | Complaint ¶¶ 39, 51 | Yes | Complaint ¶ 75 |
| "DUMBLEDORE'S ARMY" | Complaint ¶ 51 | Yes | Complaint ¶¶ 71, 76 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

| | | | |
|---|---|---|---|
| "ALBUS DUMBLEDORE" | Complaint ¶ 51 | Yes | No |
| "PROFESSOR DUMBLEDORE" | Complaint ¶ 51 | Yes | No |
| "DUMBLEDORE" | Complaint ¶ 39 | No | No |
| "DIAGON ALLEY" | Complaint ¶ 39 | No | No |
| "PATRONUS" | Complaint ¶ 39 | No | No |
| "HOGSMEADE" | Complaint ¶ 39 | No | No |
| "DOBBY" | Complaint ¶¶ 39, 51 | No | No |
| "HERMIONE GRANGER" | Complaint ¶ 39 | No | No |
| "HALF-BLOOD PRINCE" | Complaint ¶ 39 | No | No |
| "SEEKER" | Complaint ¶ 39 | No | No |
| "OLLIVANDERS" | Complaint ¶ 39 | No | No |
| "BUTTERBEER" | Complaint ¶ 39 | No | No |
| "RON WEASLEY" | Complaint ¶ 39 | No | No |
| "LUCIUS MALFOY" | Complaint ¶ 39 | No | No |
| *Gilmore Girls Marks* | | | |
| "CHILTON ACADEMY" | Complaint ¶ 58 | No | Complaint ¶¶ 88, 89 |
| "CHILTON" | Complaint ¶ 89 | No | Complaint ¶ 89 |
| "GILMORE GIRLS" | Complaint ¶¶ 58, 60 | Yes | No |
| "LUKE'S DINER" | Complaint ¶ 58 | No | No |
| "AL'S PANCAKE WORLD" | Complaint ¶ 58 | No | No |
| "STARS HOLLOW" | Complaint ¶ 58 | No | No |
| "DRAGONFLY INN" | Complaint ¶ 58 | No | No |
| "In Omnia Paratus" | Complaint ¶ 58 | No | No |

Table 2 summarizes the specific visual images that are elements of the films and Style Guides for which Plaintiff allegedly holds copyright registrations.

| Image | Allegations Regarding Ownership | Allegations Regarding Defendants' Use |
|---|---|---|
| The Hogwarts Crest | Complaint ¶ 55 | Complaint ¶¶ 66-67, 77, 87 |
| Individual Hogwarts house crests | Complaint ¶ 55 | Complaint ¶¶ 74, 81 |
| Images of the Great Hall at Hogwarts Castle | Complaint ¶ 55 | Complaint ¶ 68 |
| The triangle "Deathly Hallows" symbol | Complaint ¶ 55 | Complaint ¶ 70 |
| Platform 9 ¾ emblem | Complaint ¶ 55 | Complaint ¶¶ 69, 76 |
| Images of Diagon Alley | Complaint ¶ 68 | Complaint ¶ 68 |
| Images of Gringotts Wizarding Bank | Complaint ¶ 68 | Complaint ¶ 68 |
| Image of "Fluffy the Dog" | Complaint ¶ 78 | Complaint ¶ 78 |

The Complaint also alleges that Defendants have used film clips and still images from *Gilmore Girls* episodes in their promotional materials. *Id.* ¶ 91. Finally, the Complaint refers to several additional terms or images related to the *Harry Potter* franchise and *Gilmore Girls* series. These include the term "Vault 687," *id.* ¶ 71; "the *Harry Potter* term 'Prefect,'" *id.* ¶¶ 79-80; the "Pygmy Puff" named "Arnold," *id.* ¶¶ 82-83; "Weasleys' Wizarding Wheezes," *id.* ¶ 84; a "*Petrificus Totalus* spell," *id.*; the "Ukrainian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

Ironbelly," *id.* ¶ 85; a "Gringotts crest," *id.*; the "Undesirable No. 1" label, *id.* ¶ 86; the "Ministry of Magic" logo, *id.* ¶¶ 76, 86; and the "dragonfly symbol… used in Warner Bros.' licensed merchandise." *Id.* ¶ 88. The Complaint does not specific whether these terms are allegedly protected by the copyrights or trademarks held by Plaintiff.

### III. Legal Standards

#### A. Motion to Dismiss

##### 1. Rule 12(b)(6)

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading that states a claim must state facts sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

##### 2. Rule 12(e)

A limited class of pleadings are "sufficiently intelligible for the district court to make out one or more potentially viable legal theories," thus saving the complaint from a Rule 12(b)(6) motion, but are simultaneously "so vague and ambiguous that the opposing party cannot respond… even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

prejudice to himself." *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2020 WL 1710006, at *3 (C.D. Cal. Apr. 26, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1376 at 311 (3d ed. 2004)). When a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Rule 12(e) motions "are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Comp., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Thus, "a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

3. Rule 12(f)

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

IV. **Application**

    A. Random Tuesday Motion

        1. Trademark Infringement under the Lanham Act (Count One)

            a. Trademark Infringement Standards

"A claim of trademark infringement under § 1114(1)(a) of the Lanham Act requires a trademark holder to demonstrate: (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006).

"To acquire ownership of a trademark...the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). Federal registration of a trademark is prima facie proof of ownership, *id.*, and creates a presumption that the filing date is the date of first use. *Rolley, Inc. v. Younghusband*, 204 F.2d 209, 211 (9th Cir. 1953).

The Lanham Act does not include a statute of limitations. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). Because the Lanham Act provides relief "subject to the principles of equity," "Congress might have intended that laches be the sole timeliness bar to suit." *Id.* (citing *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir. 1985) ("In determining when a plaintiff's suit should be barred under the Act, courts have consistently used principles of laches as developed by courts of equity.")). Courts have looked to the "most analogous state statute of limitations" to determine if laches applies. *Id.* at 837. In those cases in California in which trademark infringement claims were presented, the four-year limitations period under California law for trademark infringement has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

applied. *See Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018); *Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 990 n.2 (9th Cir. 2009); *but see Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1189-90 (N.D. Cal. 2015) (recognizing that a two-year statute of limitations for California trademark infringement is appropriate) (citing *Mission Imports, Inc. v. Superior Court*, 31 Cal. 3d 921, 931 (1982))."[S]tatute of limitations defenses often require a fact-intensive investigation that is inappropriate on a motion to dismiss." *24/7 Customer, Inc. v. 24-7 Intouch*, No. 5:14–cv–02561–EJD, 2015 WL 1522236, at *4 (N.D. Cal. Mar. 31, 2015). The complaint should only be dismissed as time barred "if the complaint itself contained factual allegations demonstrating that Plaintiff definitively filed suit outside of the limitation period." *Id.*

    b. <u>Application</u>

      i. Identification of Trademarks

Defendants argue that to comply with Fed. R. Civ. P. 8, Plaintiff must identify every trademark that has been infringed. Defendants state that, although the Complaint identifies certain marks, it also refers to "many other[]" marks and notes "other federal trademark registrations" that Plaintiff owns. Dkt. 1 ¶¶ 39, 42. Based on this argument, Defendants contend that they have not been put on notice as to all of the marks that are at issue.

Other district courts have granted motions to dismiss or motions for a more definite statement when a plaintiff does not identify all marks at issue in the operative complaint. *See, e.g., Coach, Inc. v. Celco Custom Servs. Co.*, NO. CV 11-10787 MMM (FMOx), 2013 WL 12122691, at *5 (C.D. Cal. Jan. 28, 2013) (complaint that "failed to identify the trademarks at issue... failed to plead the basic background facts necessary to allege a trademark infringement claim"); *Louisiana Pac. Corp. v. James Hardie Building Prods., Inc.*, No. C-12-3433 SC, 2012 WL 5520394, at *1 (N.D. Cal. Nov. 14, 2012) (granting motion to dismiss when complaint did not identify every trademark that was allegedly infringed because this is "not an overly burdensome requirement and is necessary to provide Defendant with proper notice"); *Monster Cable Prods, Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1010 (N.D. Cal. 2009) (requiring plaintiff "to provide a more definite statement…identifying each of its marks, whether registered or unregistered, that have allegedly been infringed"); *Boink Sys. Inc. v. Las Vegas Sands Corp.*, No.: 2:08–cv–00089–RLH–GWF, 2008 WL 11389198, at *5 (D. Nev. Dec. 10, 2008) ("Las Vegas Sands must apprise Plaintiffs of the trademarks that are at issue…in order for Plaintiffs to meaningfully respond to the counterclaim"). In response, Defendants rely on *Sanrio, Inc. v. I&I Sportswear*, where a district court held that a complaint that referred to "many other[]" registrations was "well-pleaded." No. CV 08–06291 MMM (FMOx), 2009 WL 10700304, at *4 (C.D. Cal. July 24, 2009). However, *Sanrio, Inc.* addressed a motion for a default judgment, not one to dismiss.

In these circumstances, where Plaintiff seeks to enforce common-law and registered trademarks, it is appropriate to require that notice be provided to Defendants of all registered trademarks that Plaintiff presently knows to be at issue.

      ii. Priority of Use

The Complaint alleges that Defendants' alleged infringement began "long subsequent" to Plaintiff's use of the marks. Defendants have not cited authority that requires greater particularity. Therefore, the Complaint sufficiently alleges priority of use. Defendants do contend that this allegation is not facially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

plausible, given when Random Tuesday was formed. However, that fact question is not one that can, in general, be addressed on the present motions to dismiss. Even if it were a matter that could be addressed at this time, Defendants have not proffered any evidence on this issue. Nor is it a matter that appears in the documents for which Plaintiff seeks judicial notice (Dkt. 33).

iii. Statute of Limitations

The allegations in the Complaint do not demonstrate that Plaintiff "definitively filed suit outside of the limitation period." There are allegations about conduct that was within the four-year period prior to when the Complaint was filed. *See* Dkt. 32 at 27-28. Defendants state that they expect Plaintiff's claims "will eventually be dismissed based on the statute of limitations and/or laches defenses," but appear to concede that dismissal based on the statute of limitations is not proper at this stage. Dkt. 36 at 10.

Defendants request that "the Court…order as a matter of law at this juncture that [Plaintiff] cannot recover for any alleged acts that occurred before March 13, 2016." Dkt. 36 at 10. Such an order would be inappropriate. Until a factual record is developed, no determination can be made as to the timeliness of claims due to the fact-based issues of accrual and equitable tolling. *See Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 790-91 (C.D. Cal. Dec. 9, 2011).

For the foregoing reasons, the Motion to Dismiss as to the trademark infringement claim is **DENIED** on the basis of a statute of limitations defense. Defendants raise similar arguments as to Plaintiff's second, third, sixth, seventh and tenth causes of action. Although shorter limitations periods have been applied to certain of these causes of actions, there are allegations of conduct that occurred within those times.[2] *See* Dkt. 32 at 27-28. For these reasons, these arguments also fail. Therefore, the Motion to Dismiss as to the second, third, sixth, seventh, and tenth causes of action is **DENIED** on the basis of a statute of limitations defense.

2. Counterfeiting Under the Lanham Act (Count One)

a. Legal Standards

"Counterfeiting is a more specialized case of trademark infringement because a counterfeit 'is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark.'" *UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 607 (C.D. Cal. 2017) (quoting 15 U.S.C. § 1127). As with an infringement claim, a plaintiff must show "a likelihood of confusion." *Arcona, Inc. v. Farmacy*

---

[2] The Ninth Circuit has held that the statute of limitations is four years under California law for state trademark infringement, dilution, and unfair competition claims. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 n.11 (9th Cir. 2006). Courts have borrowed this four-year period with respect to trademark infringement and dilution claims under the Lanham Act. *Id.*; *see also Wair Intern. Ltd. v. Schultz*, 84 F. Supp. 3d 943, 959 (N.D. Cal. 2015). However, some district courts have applied the two-year limitations period provided in Cal. Civ. Code. § 339(1) to common law trademark infringement claims on the ground that such a claim is a tort. See *Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d at 1189-90 (citing *Mission Imports,* 31 Cal. 3d at 931). See also *V.V.V. & Songs Edible Oils Ltd. v. Meenakshi Overseas LLC*, No.: 2:14-cv-02961-TLN-CKD, 2016 WL 1268008, at *10 (E.D. Cal. Mar. 31, 2016) (applying § 339 to common law trademark infringement claim); *High Country Linens, Inc. v. Block*, No. C 01–02180 CRB., 2002 WL 1998272, at *2 n.1 (N.D. Cal. Aug. 20, 2002) (same). As noted above, this issue need not be resolved given that Plaintiff has identified conduct occurring in both periods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

*Beauty, LLC*, 976 F.3d 174, 1081 (9th Cir. 2020). "The caselaw on what is required to plead identicality in a counterfeiting claim is understandably thin, as the majority of counterfeiting cases involve obviously identical marks." *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. CV 14-00609 DDP (SSx), 2016 WL 7479317, at *6 (C.D. Cal. Dec. 29, 2016).

        b.  <u>Application</u>

Defendants argue that this claim should be dismissed because the Complaint does not allege that any Random Tuesday designs are actually "identical" to the registered marks at issue. Dkt. 22-1 at 12-13. Plaintiff concedes that the alleged counterfeit marks may not be identical, but contends that they are "substantially indistinguishable." Dkt. 31 at 16.

The Complaint includes images of the allegedly infringing marks. Dkt 1 ¶¶ 69, 71. The question whether these images are "substantially indistinguishable" from Plaintiff's marks is again one of fact "that is inappropriately decided at the pleading stage." *H-D USA LLC v. Affliction Holdings LLC*, 2:20-cv-01642-VAP-MRWx, 2020 WL 5913850, at *4 (C.D. Cal. June 8, 2020) (citing *Midnight Rider, Inc. v. Forever 21, Inc.*, No. 16-cv-09298, 2017 WL 5664998, at *3 (C.D. Cal. Apr. 3, 2017) and *Coach, Inc. v. Citi Trends, Inc.*, No. CV-17-4775-DMG (KSx), 2019 WL 1940622, at *4 (C.D. Cal. Apr. 5, 2019)).

Therefore, the motions to dismiss are insufficient as to the counterfeiting claim.

        \*     \*     \*

For the foregoing reasons, the Motion to Dismiss is **DENIED** as to the first cause of action, and the alternative motion for a more definite statement is **GRANTED**. Plaintiff shall do so in an amended complaint that specifies those registered marks presently known to be at issue in this case.

        3.  <u>False Designation, Unfair Competition, and Common-Law Trademark Infringement (Counts Two, Six, and Seven)</u>

        a.  <u>Legal Standards</u>

"The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same." *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. 2014) (quoting *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986)). A party asserting such a claim must show both that it has a valid, protectable trademark, and that the alleged infringement by the use of the mark is likely to cause confusion. *Applied Info. Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).

        b.  <u>Application</u>

Defendants primary challenge to the Complaint is whether it sufficiently alleges ownership of the marks at issue. As noted above, the Complaint has sufficiently pleaded ownership of Plaintiff's registered trademarks. Registration is prima facie evidence of ownership. *Sengoku Works Ltd.*, 96 F.3d at 1219. However, the Complaint also makes general allegations as to the ownership of other marks, Dkt. 1 ¶¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

39, 52, 58, 61, but does not clearly identify which unregistered marks are at issue. Although certain unregistered marks are alleged in the Complaint, it also refers to "many others." *Id.* ¶ 39. Accordingly, although the Complaint has identified the particular goods and services with which Plaintiff's registered marks are associated, *see id.* ¶¶ 41-51, 59-60, it does not include similar allegations as to unregistered marks.

This uncertainty is also presented in connection with the allegations as to "trade dress." The Complaint alleges that Plaintiff owns "inherently distinctive forms of trade dress derived from images depicted in the *Harry Potter* films," as well as "distinctive and famous… trade dress derived from the characters, places, and things depicted in the *Gilmore Girls* television series." *Id.* ¶¶ 40, 58. Although Plaintiff characterizes these allegations as "passing reference[s] to trade dress" not tied to "a freestanding cause of action for trade dress infringement," Dkt. 31 at 18, they also present the potential for uncertainty as those marks that are at issue in the relevant causes of action.

Defendants also challenge the validity of the marks at issue. Relying on *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), they contend that the constituent elements of a creative work are protectable under copyright, but not by trademark law. Dkt. 22 at 16. This argument cannot be evaluated based on the Complaint alone. It will require more specificity as to those unregistered marks Plaintiff seeks to enforce. Further, as Plaintiff argues, certain elements of a copyrighted work may be eligible for trademark protection. *See, e.g.*, *Viacom Intern. v. IJR Capital Investments, L.L.C.*, 891 F.3d 178, 182-83 (5th Cir. 2018) (fictional restaurant in television program was entitled to trademark protection). Again, this warrants greater specificity on this issue in an amended complaint.

\*       \*       \*

For the foregoing reasons, the Motion to Dismiss is **DENIED** and the alternative motion for a more definite statement is **GRANTED-IN-PART** as to the second, sixth, and seventh causes of action. Any amended complaint shall provide greater specificity as to the unregistered marks presently known to be at issue

### 4. Federal Dilution Claim (Count Three)

#### a. Legal Standards

To state a trademark dilution claim under the Lanham Act, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

The Lanham Act defines "famous" as "widely recognized by the general consuming public of the United States as a designation of the source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(1). "Section 1125 provides a list of non-exclusive factors that courts may consider in determining the famousness of a mark: (i) [t]he duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (ii) [t]he amount, volume, and geographic extent of sales of goods or services offered under the mark. (iii) [t]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

extent of actual recognition of the mark; [and] (iv) [w]hether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register." *In-N-Out Burgers v. Smashburger IP Holder LLC*, No. 8:17-CV-1474-JLS-DFM, 2017 WL 10402610, at *2–3 (C.D. Cal. Dec. 21, 2017).

### b. Application

Defendants argue that the marks at issue are not sufficiently famous to support a dilution claim. The Complaint sufficiently alleges that the *Harry Potter* films and the *Gilmore Girls* television series enjoy substantial fame. Dkt. 1 ¶¶ 28-29, 56-57. Plaintiff need not prove fame in response to a motion to dismiss. *See In-N-Out Burgers*, 2017 WL 10402610, at *2. However, that the entertainment properties themselves are well-known does not mean that every associated mark enjoys a similar level of fame. *Cf. Warner Bros. Enter. v. Global Asylum, Inc.*, No. CV 12–9547 PSG (CWx), 2012 WL 6951315, at *6 (C.D. Cal. Dec. 10, 2012)(commercial success of the *Lord of the Rings* film series did not *per se* show that the certain trademarks affiliated with the films had similar fame or strength).

In assessing claims for trademark dilution, district courts have acknowledged allegations specific to the mark at issue. *See, e.g., In-N-Out*, 2017 WL 10402610, at *3 ("In-N-Out alleges that it has continuously used the Double mark since 1963, for more than 50 years, and that during that time the mark has been 'prominently featur[ed] at the top of the menu' at every drive-through and in-store counter...."); *Sugar Factory, LLC v. Glossy Pops, LLC*, No. 2:19-cv-01438 DDP (ROAx), 2019 WL 2994202, at *6 (C.D. Cal. July 8, 2019) ("Plaintiff also alleges that 'public media is replete with images of celebrities with Couture Pops®' and 'Sugar Factory makes frequent and substantial use of these images in its advertising at its physical locations, on its website, social media accounts, and other media.'"); *Airwair Intern. Ltd. v. Vans, Inc.*, No.: 5:12–CV–05060–EJD, 2013 WL 3786309, at *7 (N.D. Cal. July 17, 2013) ("Airwair also alleges that it currently sells its footwear featuring the trade dress at issue here in over sixty countries world-wide and that it has sold millions of pairs of shoes featuring the trade dress in the past thirty years in the United States alone.").

The Complaint provides detailed allegations as to the extensive use of *Harry Potter* properties in commerce. Dkt. 1 ¶¶ 33-38. However, it does not provide specific allegations that link these uses to specific marks. Such additional allegations are necessary to state at least the contours of "the amount, volume, and geographic extent of goods or services" offered under any particular mark, as well as "the extent of actual recognition of the mark." *See In-N-Out Burgers*, 2017 WL 10402610, at *3 ("In-N-Out has alleged facts consistent with each of the four non-exhaustive categories [of fame] set forth in the statute.").

Similarly, although the Complaint alleges that "Chilton Preparatory School" is a "particularly well-known element of the *Gilmore Girls* franchise," Dkt. 1 ¶ 4, greater specificity as to the basis for this allegation would be appropriate. The allegation that "[f]ans of *Gilmore Girls* understand and acknowledge the significance of Chilton in the franchise, and associate Chilton with the goods and services of Warner Bros" is not sufficient. It reflects that the mark is known to a specific group, and not to "the general consuming public of the United States." 15 U.S.C. § 1125(c)(2)(A). Although the Ninth Circuit previously interpreted the Lanham Act to allow for a dilution claim based on niche fame, or fame within a certain subset of the population, this concept was "eliminated" by the Trademark Dilution Revision Act of 2006. *See Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 870 (9th Cir. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

For these reasons, the Motion to Dismiss is **GRANTED**, with leave to amend, as to this cause of action.

      5.  <u>False Advertising under the Lanham Act and Cal. Bus. & Prof. Code § 17500 (Counts Four and Nine)</u>

          a.  Whether Fed. R. Civ. P. 9(b) Applies

Rule 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud[.]" To satisfy this heightened pleading requirement, the plaintiff must identify "'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). "Conclusory allegations are insufficient, and the facts constituting the fraud must be alleged with specificity." *Carter v. Bank of Am., N.A.*, No. CV-12-06424-MMM-FFMX, 2012 WL 12887542, at *4 (C.D. Cal. Dec. 12, 2012).

Fraud is not an essential element under the FAL. *Vess*, 317 F.3d at 1103. However, federal courts have applied Rule 9 to FAL claims when the plaintiff "allege[s] a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim." *Id.* at 1103. If the plaintiff chooses "to allege some fraudulent and some non-fraudulent conduct…only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104.

Similarly, district courts in the Ninth Circuit have generally applied Rule 9(b) to Lanham Act claims where the claim alleged "false advertising." *Rolex Watch U.S.A., Inc. v. Agarwal*, No. CV 12-06400 MMM (MRWx), 2012 WL 12886444, at *5 (C.D. Cal. Dec. 17, 2012) (collecting cases); *see also Luna Distributing LLC v. Stoli Group (USA), LLC*, 2018 WL 5099277, at *15 (C.D. Cal. July 10, 2018) ("[T]he Central District has often found misrepresentation, false designation of origin, and false advertising claims under the Lanham Act to be grounded in fraud such that the claims are subject to Rule 9(b)'s heightened pleading standard.").

These prior cases are instructive and persuasive. However, the allegations in the Complaint are pleaded with particularity as to this claim. They include specific instances of misleading promotions and other materials allegedly produced by Defendants. *See* Dkt. 1 ¶¶ 66-91. These allegations are supported by screenshots of the allegedly misleading materials, thereby providing further specificity.

          \*      \*      \*

For the foregoing reasons, the Motion to Dismiss is **DENIED** as to the Lanham Act false advertising cause of action.

          b.  Whether Reliance Must be Pleaded

Generally, a plaintiff asserting a claim under the FAL is "required to plead and prove actual reliance on the misrepresentations or omissions at issue." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020) (quoting *Great Pac. Sec. v. Barclays Capital, Inc.*, 743 F. App'x 780, 783 (9th Cir. 2018)). The parties disagree as to whether a plaintiff who competes with the defendant must allege reliance on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

a defendant's false or misleading statements to state a claim under the FAL.

"[N]o California court has explicitly considered whether the reliance requirement applies to a false advertising claim brought by a company against its competitor." *Millennium Dental Techs. Inc. v. Terry*, No. SA CV 18-0348-DOC (KESx), 2018 WL 5094965, at *15 (C.D. Cal. July 16, 2018). However, "the majority approach [in federal courts] has been to require that the plaintiff plead its own reliance." *In re Outlaw Lab., LLP*, No. 3:18-CV-0840-GPC, 2020 WL 2797425, at *10 (S.D. Cal. May 29, 2020), *amended on reconsideration*, No. 3:18-CV-0840-GPC, 2020 WL 3840559 (S.D. Cal. July 8, 2020) (internal citation omitted). This interpretation is based on *Kwikset v. Superior Court*, which interpreted Proposition 64 and its amendments to the standing requirements for UCL or FAL claims:

> Proposition 64 requires that a plaintiff's economic injury come "as a result of" the unfair competition or a violation of the false advertising law. (§§ 17204, 17535.) "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation."

51 Cal. 4th 310, 326 (2011). Other federal courts have noted that "a traditional fraud claim cannot be premised on third-party reliance." *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 911 (N.D. Cal. Aug. 23, 2018) (quoting *A White & Yellow Cab, Inc. v. Uber Techs. Inc.*, No. 15-cv-05163-JSW, 2017 WL 1208384, at *8 (N.D. Cal. Mar. 31, 2017)).

Other district courts have found that "applying *Kwikset*'s reliance requirement to competitor claims…makes little sense." *Allergan USA Inc. v. Imprimis Pharmaceuticals*, No. SA CV 17-1551-DOC (JDEx), 2017 WL 10526121, at *13 (C.D. Cal. Nov. 14, 2017); *accord VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, No. 2:09–cv–02067–MCE–GGH, 2010 WL 1611398, at *3 (E.D. Cal. Apr. 20, 2010). The rationale for these determinations is that a competitor plaintiff is not relying on the misrepresentations in making a purchase, but is injured by "loss of sales and market share," which occurs "*as a result* of the deceptive activity." *Allergan*, 2017 WL 10526121, at *13 (emphasis in original). Therefore, "imposing the reliance requirement on competitor claims would impose a superficial hurdle on competitor plaintiffs seeking to stop or recover for damages caused by their competitor's false advertising." *Id.*

Logic dictates that a competitor plaintiff need not plead its own reliance. Therefore, the Motion to Dismiss is **DENIED** as to the cause of action under the FAL.

6.  Cal. Bus. & Prof. Code § 17200 (Count Eight)

Defendants argue that the UCL claim should be dismissed because it is not alleged with particularity, and the allegations are not sufficient to state conduct "which rises to the level of an antitrust violation or anticompetitive action." Dkt. 22 at 23.

Because the UCL is "written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The Complaint makes clear that this cause of action is premised on the "unlawful" prong, which "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Carter*, 2012 WL 12887542,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

at *10 (citation omitted). *See* Dkt. 1 ¶ 138 (citing Defendants' alleged violations of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), and Cal. Bus. & Prof. Code § 17500); Dkt. 32 at 17. Defendants correctly note that if these other claims are dismissed, the derivative UCL claim must be dismissed as well. However, because Plaintiff's false advertising claim is sufficiently pleaded, this argument is not persuasive.

Defendants also argue that Plaintiff must show reliance as to the UCL claim. This argument fails for the same reasons discussed as to the FAL claim.

For these reasons, the Motion to Dismiss is **DENIED** as to the cause of action under the UCL.

 7. Copyright Infringement (Count Five)

  a. Legal Standards

The Copyright Act affords valid copyright owners exclusive rights to, among other things, "reproduce copyrighted work" and "prepare derivative works based on the copyrighted work." 17 U.S.C. §§ 106(1), (2). To establish infringement of these exclusive rights, Plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

A party may only institute a civil action for copyright infringement once "registration of the copyright claim has been made." 17 U.S.C. § 411(a). "[R]egistration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." *Fourth Estate Public Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019).

District courts have reached different outcomes as to whether a plaintiff must allege the copyright registration number in the complaint, or simply allege that the works in question are registered in accordance with the statute. *Compare Straughter v. Concord Music*, No. ED CV 19-1360-JFW(SHKx), 2019 WL 8161166, at *2 (C.D. Cal. Nov. 26, 2019) (granting motion to dismiss when plaintiff "failed to allege the registration numbers of, or submit the copyright registration certificates" for works at issue) *with Hines v. Roc-A-Fellas Records, LLC*, No. 19-CV-4587 (JPO), 2020 WL 1888832, at *4 (S.D.N.Y. Apr. 16, 2020) (sufficient for plaintiff to "allege[] that plaintiff owns the copyright in the work and that the copyright has been registered in accordance with the statute").

Courts generally agree that attaching other materials to a complaint, including registration certificates, is not necessary. *See Malibu Textiles, Inc. v. Label Lane Intern., Inc.*, 922 F.3d 946, 951-52 (9th Cir. 2019) ("Malibu alleges it owns 'two original two-dimensional artworks'—Designs 1967 and 1717—which are registered with the United States Copyright Office under numbers VA 1-159-155 and VA9230008… Malibu was not required to include images of Design 1717, a complete deposit of Design 1967, or registration materials for either Design in the Complaints to plausibly allege ownership."); *Nintendo of America, Inc. v. Storman*, No.: CV 19-7818-CBM-RAO(x), 2020 WL 2463374, at *2 (C.D. Cal. Jan. 15, 2020) ("[T]he Complaint adequately alleges ownership by alleging Plaintiff holds registered copyrights for the subject works and identifying the copyright registration number and date for those works.").

  b. Application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

      i.    <u>Whether Plaintiff Must Allege the Copyright Registration of the Press Kits</u>

Defendants argue that after *Fourth Estate*, a party who advances a copyright claim must allege the registration numbers for the works at issue. The Complaint does not allege the registration numbers for the "press kits, photographs, and other promotional materials" that it identifies. *See* Dkt. 1 ¶ 119. Therefore, Defendants contend that this cause of action should be dismissed.

"In order to state a claim for copyright infringement, a plaintiff must allege which specific original works are the subject of the copyright claim." *TVB Holdings USA Inc. v. Enom Inc.*, No. SACV 13-624-JLS (DFMx), 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014) (quoting *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *2-3 (S.D.N.Y. Feb. 27, 2013)). The identification of copyright registration numbers in a complaint meets this standard. See *Stross v. NetEase, Inc.*, No. CV 20-00861-AB (PJWx), 2020 WL 5802419, at *16 (C.D. Cal. Aug. 20, 2020) (citing *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1161 (C.D. Cal. 2018)). However, as noted, courts have also accepted allegations that a specific work has been registered in accordance with the statute. *Hines*, 2020 WL 1888832, at *4.

The Complaint includes the generic allegation that Plaintiff owns copyright registrations for "press kits, photographs, and other promotional materials." However, it does not allege registration numbers, thereby limiting the disclosure of the works that are at issue. As noted, a party can meet this standard by alleging the copyright registration numbers for a work, or by specifically identifying the press kits, photographs, and other promotional materials at issue.

Plaintiff cites cases holding that a party asserting a copyright claim need not allege every instance of infringement . *See, e.g., Paramount Pictures Corp. v. Axanar Prods., Inc.*, No. CV-15-09938 RGK (Ex), 2016 WL 2967959, at *3 (C.D. Cal. May 9, 2016) ("[C]ourts find a complaint sufficiently pled if it alleges representative acts of infringement rather than a comprehensive listing."); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. Sept. 26, 2001) ("Perfect 10 alleges the existence of hundreds, even thousands of infringing photographs… Requiring a statement of each and every example would defeat the regime established by Rule 8."). However, this is distinct from requiring that a plaintiff identify the works which have been infringed.

For these reasons, this requirement has not been satisfied.

      ii.    <u>Whether the Copyright Claims are Sufficiently Pleaded</u>

Defendants also argue that the copyright claims are too vague. However, as noted above, "courts find a [copyright] complaint sufficiently pled if it alleges representative acts of infringement rather than a comprehensive listing." *Paramount Pictures Corp.*, 2016 WL 2967959, at *3. In these circumstances, "[t]he question thus boils down to whether or not [the defendant] has fair notice of the allegations against it." *Perfect 10*, 167 F. Supp. 2d at 1121.

The copyright claims alleged as to *Harry Potter* meet this standard. The Complaint alleges that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

motion picture and style guide copyrights "encompass numerous distinctive visual elements from the Harry Potter motion pictures, such as the Hogwarts Crest and the individual Hogwarts house crests, images of the Great Hall at Hogwarts Castle, the triangular 'Deathly Hallows' symbol, and the iconic 'Platform 9 ¾" emblem.'" Dkt. 1 ¶ 54. It also alleges that a particular image of "Fluffy the Dog" is copyrighted. *Id.* ¶ 78. The Complaint identifies specific examples of when Defendants allegedly infringed on these copyrighted elements. This is sufficient to put Defendants on fair notice of Plaintiff's claims. *Cf. Paramount Pictures Corp.*, 2016 WL 2967959, at *3 (complaint sufficiently pleaded when it defined the copyrighted works and included a detailed description of the allegedly infringing elements).

Plaintiff's claims as to *Gilmore Girls* are less detailed. The Complaint adequately alleges that Defendants' use of screenshots and clips from the *Gilmore Girls* series constitutes copyright infringement. Dkt. 1 ¶ 91. The Complaint also alleges that the copyright registrations for the *Gilmore Girls* series and Style Guide encompass "numerous distinctive visual elements." *Id.* ¶ 62. However, only one visual element -- he dragonfly logo -- is identified in the Complaint. *Id.* ¶ 88. The Complaint alleges a wide range of material at issue -- the visuals contained in the *Gilmore Girls* series and associated style guides -- but only identifies one discrete element. *Cf. Palmer Kane LLC v Scholastic Corp.*, No. 12 Civ. 3890(TPG), 2014 WL 1303135, at *1 (S.D.N.Y. Mar. 31, 2014) (plaintiff noted 146 copyrighted photographs at issue but failed to specify which had been infringed); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (alleging that one copyrighted photograph out of 1800 was infringed, without identifying said photograph, failed to satisfy Rule 8). This does not put Defendants on fair notice as to which elements might qualify as infringing.

\* \* \*

For these reasons, the Motion to Dismiss is **DENIED** and Defendants' alternative motion for a more definite statement is **GRANTED** as to this cause of action. Plaintiff shall file an amended complaint that provides the registration numbers for the press kits and other materials at issue or clearly identifies these works. The amended complaint shall also provide greater specificity of those visual aspects of the *Gilmore Girls* series that were allegedly infringed.

8. <u>State Dilution Claim (Count 10)</u>

California's trademark dilution law "is subject to the same standards as a federal law claim." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 968 (N.D. Cal. 2019) (citing *Jada Toys*, 518 F.3d at 634). Therefore, the Motion to Dismiss is **GRANTED** as to this cause of action on the same grounds and with the same leave to amend.

B. Motion to Strike

Defendants move to strike references to a loss of "pecuniary damages," because restitution, not damages, is the only remedy available under the UCL. Plaintiff responds that this allegation is included as part of the showing that it has standing under the UCL. The Complaint does not seek damages for the UCL claim, but only injunctive relief. See Dkt. 1 ¶ 139.

For the foregoing reasons, the Motion to Strike is **DENIED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

    C.    Biggs Motion

           1.    Legal Standards

Section 43(a) of the Lanham Act imposes liability on "[a]ny person who, on or in connection with any goods or services ... uses in commerce any ... device, ... false designation of origin, [or] false or misleading description of fact ..., which is likely to cause confusion." 15 U.S.C. § 1125(a). Thus, "courts have held that corporate officers, shareholders, and employees are personally liable for the corporation's ... trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement." *Novell, Inc. v. Unicom Sales, Inc.*, C-03-2785 MMC, 2004 WL 1839117, at * 17 (N.D. Cal. Aug. 17, 2004); *see also Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (officer who violated Section 43(a) of the Lanham Act could be held personally liable for his conduct without a claim for alter ego relief). This standard "does not ask whether the individual participated or engaged in some infringing act; instead, it asks whether he actively participated as a moving force in the *decision* to engage in the infringing acts, or otherwise caused the infringement as a whole to occur." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1478 n.8 (11th Cir. 1991) (emphasis in original).

"The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another ... [, or] acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1263 (1992). Under California law, "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970); *see also Frances T. v. Vill. Green Owners Assn.*, 42 Cal. 3d 490, 508 (1986).

           2.    Application

The Complaint alleges that each of the individual Defendants "directs and controls the activities of the organization" and "knowingly directs Random Tuesday, Inc. to offer infringing merchandise for sale." Dkt. 1 ¶¶ 15, 17. These allegations are conclusory and insufficient to state a basis for individual liability. *See Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17–cv–07058–ODW–JPR, 2018 WL 1441155, at *11 (C.D. Cal. Mar. 22, 2018) ("summary assertions" that individual defendants "directed and authorized Farmacy's adoption of the counterfeit EYE DEW mark, and directed and authorized the promotion and sales of Farmacy's EYE DEW cream with the counterfeit EYE DEW mark" deemed insufficient). More specific allegations are made as to the individual Defendants' respective roles in promoting Random Tuesday and the various running clubs. Dkt. 1 ¶¶ 16, 18. However, these allegations address the claims that these Defendants "participated… in some infringing act," not that they "actively participated as a moving force in the decision to engage in the infringing acts, or otherwise caused the infringement as a whole to occur."

Plaintiff argues that "no one at Random Tuesday *other than* Brian and Dawn Biggs *conceivably* could have directed the infringement." Dkt. 32 at 15 (emphasis in original). Although Plaintiff contends that Random Tuesday is a "small, closely held, family-run business" that is "wholly owned" by the Biggs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

Defendants, *id.* at 12, the Complaint does not have such specific allegations.

As part of its opposition, Plaintiff submitted a Request for Judicial Notice (Dkt. 33), with respect to two Form 990s filed by Defendant Random Tuesday. As a tax-exempt organization, Random Tuesday files a yearly Form 990 stating its gross income, receipt, disbursements, and other information required by 26 U.S.C. § 6033. *See* Internal Revenue Service, Instructions for Form 990 Return of Organization Exempt From Income Tax (rev. January 2020), available at https://www.irs.gov/pub/irs-pdf/i990.pdf. These returns are available for public inspection pursuant to 26 U.S.C. § 6104(d).

District courts have reached different outcomes as to whether Form 990s are a proper subject of judicial notice. *Compare Africare, Inc. v. Xerox Complete Document Solutions Maryland, LLC*, 436 F. Supp. 3d 17, 44 n.21 (D.D.C. 2020) (taking judicial notice of revenue statements in Form 990) *with Rhodes v. Sutter Health*, No. CIV. 2:12-0013 WBS DAD, 2012 WL 662462, at *4 (E.D. Cal. Feb. 28, 2012) (refusing to take judicial notice of Form 990 because it is "not a public record and its contents are neither generally known nor above reasonable dispute").

This legal issue need not be resolved at this time. The information contained in the Form 990s is not sufficient to establish a basis for potential, liability of the individual defendants. Their specific roles and conduct with respect to the claims advanced against them in the Complaint cannot be inferred from the general information as to salary and job titles.

For these reasons, the Biggs Motion to Dismiss is **GRANTED**, with leave to amend, as to all causes of action alleged against the Biggs defendants.

    **V.**     <u>**Conclusion**</u>

For the foregoing reasons, the Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Biggs Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. These rulings are summarized as follows:

1. The Motions are **DENIED** as to the first cause of action for trademark infringement and counterfeiting; the second cause of action for false designation of origin; the fourth cause of action for false advertising; the fifth cause of action for copyright infringement; the sixth cause of action for common law unfair competition; the seventh cause of action for common law trademark infringement; the eighth cause of action for violation of the UCL; and the ninth cause of action for violation of the FAL.
2. The Motions are **GRANTED**, with leave to amend, as to the third cause of action for trademark dilution in violation of the Lanham Act and the tenth cause of action for trademark dilution under California state law.
3. The alternative motion for a more definite statement is **GRANTED** as to the first cause of action for trademark infringement; the second cause of action for false designation of origin; the fifth cause of action for copyright infringement; the sixth cause of action for common law unfair competition; and the seventh cause of action for common law trademark infringement.
4. The Biggs Motion is **GRANTED**, with leave to amend, as to all causes of action against these individual defendants.

Plaintiff shall file any amended complaint within 21 days of the issuance of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV20-02416 JAK (PLAx) | Date | November 9, 2020 |
| Title | Warner Bros. Entertainment Inc. v. Random Tuesday, Inc., et al. | | |

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | vrv |