1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION – LOS ANGELES

| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RANDOM TUESDAY, INC., a Connecticut corporation, dba HOGWARTS RUNNING CLUB, CHILTON RUNNING CLUB, and POTTERHEAD RUNNING CLUB; BRIAN BIGGS, an individual; and DAWN BIGGS, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:20-cv-02416-SB-PLA<br><br>**JUDGMENT FOR PERMANENT INJUNCTION**<br><br>Judge: The Honorable Stanley Blumenfeld, Jr.<br>Ctrm: 6C |
|---|---|

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT, in accordance with the Stipulation of Entry of Judgment for Permanent Injunction filed herewith by Plaintiff Warner Bros. Entertainment Inc. ("Warner Bros.") and Defendants Random Tuesday, Inc., Brian Biggs, and Dawn Biggs (collectively, "Defendants"), through their respective counsel of record in this action, the Court HEREBY FINDS THAT:

1. On March 13, 2020, Warner Bros. filed the Complaint in this action, alleging causes of action for trademark infringement and counterfeiting under 15 U.S.C. § 1114; false designation of origin, false advertising, and trademark dilution under 15 U.S.C. § 1125; copyright infringement under 17 U.S.C. § 106; common law unfair competition (passing off); common law trademark infringement; and violations of California Business & Professions Code §§ 17200, 17500, and 17247. Warner Bros. asserted these claims for trademark infringement and dilution, copyright infringement, and unfair competition based on its allegations that Defendants infringed several trademarks and copyrights in Warner Bros.' *Harry Potter* and *Gilmore Girls* entertainment franchises, and operated businesses centered around that infringing activity.

2. Defendants filed Motions to Dismiss Warner Bros.' Complaint on March 26, 2020, which the Court granted in part and denied in part on November 9, 2020, permitting leave for Warner Bros. to amend its pleading.

3. On November 30, 2020, Warner Bros. filed the First Amended Complaint, which alleged the same causes of action as the original complaint.

4. On December 14, 2020, Defendants filed an Answer and Counterclaim, seeking declaratory relief in the form of a judicial determination that Defendants' actions did not infringe Warner Bros.' rights.

5. In their Answer, Defendants asserted various affirmative defenses, including abandonment, acquiescence, estoppel, naked licensing, failure to police, fair use, statute of limitations, and laches.

6. Warner Bros. and Defendants, without either side having admitted or conceded liability as to any claim or counterclaim, have entered into a settlement agreement and have stipulated to the entry by the Court of this Judgment for Permanent Injunction in this action on the terms set forth below (the "Permanent Injunction Judgment").

NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

A. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants Random Tuesday, Inc., Brian Biggs, and Dawn Biggs, together with their affiliated businesses, officers, directors, principals, board members, partners, agents, servants, employees, representatives, successors, assigns, licensees, all entities through which they conduct business, and all those acting in concert or privity with each or any of them, or at their direction, or within their control, SHALL BE

PERMANENTLY ENJOINED AND RESTRAINED from directly or indirectly infringing in any manner the Harry Potter Marks and Copyrights and/or the Gilmore Girls Marks and Copyrights, as those terms are defined herein, or diluting the Harry Potter Marks or Gilmore Girls Marks, or unfairly competing with Warner Bros., or otherwise injuring Warner Bros.' business or reputation in any manner, or participating in or assisting in any such activity, including without limitation by engaging in any of the following:

1. Use in commerce of any trademark, service mark, trade name, business name, domain name or trade dress that includes, is a variation of, or is confusingly similar to the Harry Potter Marks or Gilmore Girls Marks, including without limitation the trademark, service mark, business name and/or domain name "Potterhead" or any variation thereof, or participating in assisting any such activity whether occurring within the United States or outside the United States.

2. Registering, attempting to register, or maintaining any trademark registration application for any trademark, service mark, trade name, business name, domain name or trade dress that includes or is confusingly similar to any of the Harry Potter Marks or Gilmore Girls Marks, including without limitation the trademark, service mark, business name and/or domain name "Potterhead" or any variation thereof, or participating in or assisting in any such activity whether occurring within the United States or outside the United States.

3. Reproduction, distribution, or display of any portion of the materials covered by the Harry Potter Copyrights or Gilmore Girls Copyrights, or reproduction of any portion of the materials covered by the Harry Potter Copyrights or Gilmore Girls Copyrights in any digital, printed, or physical material or items, or use of any confusingly similar materials in any digital, printed, or physical material or items, or participating in or assisting in any such activity whether occurring within the United States or outside the United States, including without limitation the continued display of such materials on any website owned, controlled or maintained by Defendants.

B. For purposes of this Permanent Injunction Judgment:

1. The term Harry Potter Marks shall mean all registered and unregistered trademarks owned by Warner Bros. relating to the *Harry Potter* novels or feature films, including without limitation the following marks identified in the First Amended Complaint:  HARRY POTTER, HOGWARTS, HOGWARTS Crest, GRYFFINDOR, GRYFFINDOR Crest, HUFFLEPUFF, HUFFLEPUFF Crest, RAVENCLAW, RAVENCLAW Crest, SLYTHERIN, SLYTHERIN Crest, DEATHLY HALLOWS, DIAGON ALLEY, DUMBLEDORE'S ARMY, ALBUS DUMBLEDORE, PROFESSOR DUMBLEDORE, PLATFORM 9 ¾ , QUIDDITCH and the MINISTRY OF MAGIC Logo.

2. The term Harry Potter Copyrights shall mean all copyrights in and to the eight *Harry Potter* feature films, as identified in the First Amended Complaint.

    3.    The term Gilmore Girls Marks shall mean all registered and unregistered trademarks relating to the *Gilmore Girls* television series, including without limitation the following marks identified in the First Amended Complaint: GILMORE GIRLS, CHILTON ACADEMY, DRAGONFLY INN, LUKE'S DINER and the LUKE'S DINER Logo.

    4.    The term Gilmore Girls Copyrights shall mean all copyrights in and to the *Gilmore Girls* television series, as identified in the First Amended Complaint.

  C.  Defendants shall provide written notice of the Permanent Injunction Judgment (1) to each of their respective officers, directors, principals, board members, partners, agents, servants, employees, attorneys, representatives, successors, assigns, licensees, all entities through which they conduct business, and all those acting in concert or privity with each or any of them; and (2) to all authorized distributors, retailers, wholesalers, and manufacturers that they know or have reason to believe are in possession of any item using the Harry Potter Marks and Copyrights and/or Gilmore Girls Marks and Copyrights or any similar marks, for purposes of trade.  Defendants shall inform these individuals or entities that, in accordance with this Order, the products using the Harry Potter Marks/Copyrights and/or Gilmore Girls Marks/Copyrights are not to be advertised, promoted, marketed, displayed, licensed, sold, rented, or otherwise distributed, either within the United States or outside of the United States. Defendants shall provide a copy of the Permanent Injunction Judgment as part of such notice, which may be transmitted by email.

D. Defendants' request for a declaratory judgment is hereby DENIED and the Defendants' Counterclaim is hereby DISMISSED WITH PREJUDICE. All remaining claims and defenses in this action are resolved by this Permanent Injunction Judgment.

E. The parties have consented to, and the Court shall retain, continuing jurisdiction for purposes of enforcement of the Permanent Injunction Judgment. Violation of the Permanent Injunction Judgment shall expose Defendants and all other persons bound by the Order to all applicable penalties, including contempt of Court.

Dated: June 13, 2022



Stanley Blumenfeld, Jr.
United States District Judge